# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTHA P. VARELA-GARCIA,<br><br>Plaintiff,<br>v.<br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>Defendant. | CASE NO. 16cv0665-WQH-BGS<br><br>ORDER |

HAYES, Judge:

The matter before the Court is the Report and Recommendation issued by United States Magistrate Judge Bernard G. Skomal (ECF No. 13).

**I. Introduction**

On May 2, 2012, Plaintiff filed an application for disability insurance benefits, alleging disability beginning on October 6, 2011. (Administrative Record ("AR") at 271-280). Plaintiff's application was initially denied on November 16, 2012, and denied upon reconsideration on March 15, 2013. *Id.* at 201-06, 208-14. On April 18, 2013, Plaintiff filed a request for a hearing. *Id.* at 215-16. Following a hearing on April 30, 2014, Administrative Law Judge ("ALJ") Jay E. Levine issued a decision denying Plaintiff's application on August 5, 2014. *Id.* at 19-68. On January 19, 2016, Social Security Appeals Officer Richard M. Ciaramello, Jr. issued a Notice of Appeals Council Action denying Plaintiff's request for a review of the ALJ's decision. *Id.* at 1-4. The Notice stated that the ALJ's decision "is the final decision of the Commissioner of

1  Social Security" in this case. *Id.*

2  On March 18, 2016, Plaintiff commenced this action seeking judicial review of
3  the Defendant's decision to deny Plaintiff's application for benefits, pursuant to
4  42 U.S.C. 405(g). (ECF No. 1). On May 31, 2016, Defendant filed an answer. (ECF
5  No. 7). On July 7, 2016, Plaintiff filed the Motion for Summary Judgment. (ECF No.
6  10). On August 9, 2016, Defendant filed the Cross-Motion for Summary Judgment.
7  (ECF No. 11). On August 19, 2016, Plaintiff filed a reply. (ECF No. 12).

8  On January 23, 2017, the Magistrate Judge issued the Report and
9  Recommendation. (ECF No. 13). The Magistrate Judge found that the ALJ committed
10 "legal error" by failing to provide "detail" in his decision as to "what medical evidence
11 he took into account in deciding to reject Plaintiff's treating physicians' opinions
12 regarding Plaintiff's abilities, because the ALJ did not explain which medical evidence
13 he relied on in determining that their opinions were unsupported." *Id.* at 23. The
14 Report and Recommendation recommends that the Court make "a finding that the ALJ
15 failed to provide sufficiently specific reasons for rejecting the opinions of Drs. Roldan
16 and Borrero" and recommended that this case be remanded to the Social Security
17 Administration and the ALJ for further consideration. *Id.* at 23-24, 27.

18 The Magistrate Judge found that there was "no inconsistency between Dr.
19 Glassmire's conclusions regarding Plaintiff's limitations and the ultimate determination
20 of Plaintiff's RFC [Residual Functional Capacity] by the ALJ." *Id.* at 26. The
21 Magistrate Judge found that even if the ALJ "fail[ed] to mention the moderate
22 limitations ascribed by Dr. Glassmire[,]" any omission was harmless error. *Id.* The
23 Report and Recommendation recommends that the Court make "a finding that there was
24 no legal error in this instance, and even if there was legal error, such error was
25 harmless." *Id.* at 26-27.

26 The Report and Recommendation states that "no later than February 6, 2017, any
27 party to this action may file written objections with the Court and serve a copy to all
28 parties." *Id.* at 27. The Report and Recommendation states that "any reply to the

objections shall be filed with the Court and served on all parties no later than February 20, 2017." *Id.* The docket reflects that no objections have been filed.

## II. Review of the Report and Recommendation

The duties of the district court in connection with a report and recommendation of a magistrate judge are set forth in Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b). The district judge must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made[,]" and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b). The district court need not review de novo those portions of a Report and Recommendation to which neither party objects. *See Wang v. Masaitis*, 416 F.3d 992, 1000 n.13 (9th Cir. 2005); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) ("Neither the Constitution nor the [Federal Magistrates Act, 28 U.S.C. § 636] requires a district judge to review, de novo, findings and recommendations that the parties themselves accept as correct.").

The parties have not filed objections to the Report and Recommendation. The Court has reviewed the Report and Recommendation, the written opinion of the ALJ, the administrative record, and the submissions of the parties. The Court concludes that the Magistrate Judge correctly found that the ALJ committed legal error by failing to detail why the ALJ discounted the opinions of the treating physicians Drs. Roldan and Borrero. The Magistrate Judge correctly concluded that this case should be remanded to the Social Security Administration for further consideration by the ALJ. The Court further concludes that the Magistrate Judge correctly found that there was no inconsistency between Dr. Glassmire's conclusions regarding Plaintiff's limitations and the ALJ's determination of Plaintiff's RFC. The Magistrate Judge correctly concluded that even if the ALJ committed error by failing to mention the moderate limitations ascribed by Dr. Glassmire, any such omission was harmless error.

## III. Conclusion

1     IT IS HEREBY ORDERED that (1) the Report and Recommendation (ECF No. 11) is adopted in its entirety; (2) the Motion for Summary Judgment filed by Plaintiff (ECF No. 10) is granted in part and denied in part; (3) the Cross-Motion for Summary Judgment filed by Defendant (ECF No. 11) is granted in part and denied in part; and (4) this case is remanded to the Social Security Administration for the Administrative Law Judge to further clarify his decision to afford little weight to the opinions of Plaintiff's treating physicians Drs. Roldan and Borrero and for further proceedings consistent with this Order and the Report and Recommendation.

DATED: March 29, 2017

*[signature: William Q. Hayes]*
**WILLIAM Q. HAYES**
United States District Judge